NOT RECOMMENDED FOR PUBLICATION
File Name: 24a0529n.06

No. 24-1042

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

**FILED**
Dec 18, 2024
KELLY L. STEPHENS, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| TERRELL XAVIER FRANKLIN, | ) | DISTRICT OF MICHIGAN |
| Defendant-Appellant. | ) | |
| | ) | OPINION |
| | ) | |

Before: BOGGS, GIBBONS, and NALBANDIAN, Circuit Judges.

**BOGGS, Circuit Judge**. Defendant Terrell Franklin appeals the sentence imposed by the district court upon revocation of his term of supervised release. Although Franklin was "already facing a very lengthy state court sentence" of a minimum of 250 months and would not be eligible for parole until 2046, the district court sentenced him to 24 months in prison to run consecutively to his state sentence. For the reasons set forth below, we hold that the district court did not procedurally err or violate Franklin's right to due process by ordering that his federal sentence be consecutive to his state sentence.

I

Over multiple years Franklin committed multiple felonies resulting in multiple felony convictions, as well as multiple violations of parole and supervised release. As relevant here, in September 2018, Franklin was convicted of being a felon in possession of a firearm, in violation

of 18 U.S.C. § 922(g)(1), and sentenced to 50 months in prison, to be followed by three years of supervised release. He began his term of supervised release in April 2022.

While on supervised release in September 2022, Franklin was charged with misdemeanor drug possession and resisting and obstructing a police officer. He failed to appear for his sentencing in state court and a warrant was issued for his arrest. Franklin also failed to be in contact with his federal probation officer. The district court modified the conditions of his supervised release to include 30 consecutive days of intermittent confinement in Newaygo County, Michigan, Jail, 90 days in a residential reentry center, and substance-abuse treatment and testing. He absconded, thus evading confinement in the jail.

On December 19, 2022, Franklin, accompanied by another person, was visiting a cemetery when his car got stuck in a snowbank. A tow truck arrived and pulled his car out of the snow. Instead of paying the tow-truck driver, Franklin hit him on the nose with the butt of his handgun, knocking the driver to the ground and discharging the gun. While no one was shot, Franklin held the driver at gunpoint, took his wallet and cell phone, and drove away. When Grand Rapids, Michigan, Police saw Franklin's car and tried to pull it over, Franklin fled at a high rate of speed. The next day, after the tow-truck driver tracked his cell phone, the police arrested Franklin, who was found carrying the tow-truck driver's license and in possession of a stolen handgun. Franklin was charged in state court with armed robbery, carrying a concealed weapon, felony firearm, resisting and obstructing a police officer, and being a habitual offender. He was put into state custody.

In January 2023, Franklin's probation officer petitioned to revoke his federal supervised release, citing eight violations, including violations based on his armed robbery and firearm

offenses under state law. A hearing was scheduled for January 2024. In August 2023, Franklin pled guilty in Michigan state court to armed robbery, carrying a concealed firearm, and felony firearm. *People v. Terrell Franklin*, No. 23- 00035-FC (17th Cir. Ct., Aug. 14, 2023). For the armed robbery Franklin received an indeterminate sentence of 250-375 months in prison, as well as a 36-month concurrent sentence and a 24-month consecutive sentence for the related firearm offenses.

On January 16, 2024, at his federal hearing for revocation of his supervised release, Franklin pled guilty to all eight violations and the district court accepted seven of those pleas.[1] An amended violation worksheet reflecting the events of December 19, 2022, calculated Franklin's recommended sentencing range at 24-30 months, with a statutory maximum of 24 months. The government recommended the statutory maximum and that Franklin's federal sentence run consecutively to his state sentence, as an additional sanction for Franklin's violation of the conditions of his federal release. Defense counsel argued that the federal sentence should run concurrently with Franklin's state sentence, noting that Franklin had already pled guilty in state court, had received a substantial sentence, and would not be eligible for parole for 250 months on the robbery count and another consecutive 24 months on the felony firearm count.

Pursuant to 18 U.S.C. § 3583(e)(3), the district court sentenced Franklin to 24 months in prison to run consecutively to Franklin's state sentence. The court recognized that Franklin was "already facing a very lengthy state court sentence," but held that a consecutive sentence was appropriate for two reasons. First, under Michigan law, Franklin would be eligible for parole: "I

---

[1] The district court and the parties agreed that there was insufficient factual basis to accept violation 5 for assault and resisting a police officer.

don't know enough about the parole system in Michigan as to hazard a guess as to when he might first be eligible. But nevertheless, he will be eligible." Second, the court was concerned that Franklin had committed "such serious subsequent criminal activity after supervised release had started." The court declined to impose a further term of supervised release, noting that after Franklin had served his state and federal sentences, "twelve months of supervised release are unlikely to have much effect." The court asked if there were any legal objections, to which defense counsel replied: "No legal objections."

Franklin filed a notice of appeal on January 18, 2024. He argues that the district court's lack of knowledge of Franklin's future parole status under Michigan law made the imposition of a consecutive sentence procedurally unreasonable. Then, in March 2024, Franklin successfully moved to withdraw his guilty plea in Michigan court on grounds that the court had not advised him that his sentence would be consecutive to any remainder of his 2018 state sentence for which he was on parole when he committed armed robbery in 2022. *People v. Terrell Franklin*, No 23-00035-FC (17th Cir. Ct., Apr. 26, 2024). Under Michigan law, a person who commits a felony while on parole must serve his new sentence consecutively to the remaining portion of the term of imprisonment imposed from the previous offense and he must be so advised by the court. Mich Comp. Laws §768.7a(2).[2] Franklin had not been so advised by the court. After withdrawing his plea, Franklin again pled guilty and his total minimum state sentence for armed robbery and

---

[2] In 2018, Franklin received an indeterminate prison sentence of 46-50 months. *People v. Terrell Franklin*, No.18-01681-FH (17th Cir. Ct., Sept. 27, 2018). Under Michigan law, when a prior sentence is indeterminate, an offender must serve at least the combined minimums of his sentences, plus whatever portion of the earlier sentence the Parole Board may require him to serve for violating the terms of parole. *Wayne Cnty. Prosecutor v. Dep't of Corr.*, 548 N.W.2d 900, 901–02 (Mich. 1996).

associated counts was lowered from 274 months to 204 months.[3] Franklin's appellate brief was filed May 28, 2024, prior to the state resentencing. The appellee's brief, filed on August 29, 2024, informed this court of the resentencing. Franklin did not file a reply brief addressing the new state resentencing information.

II

Franklin argues that the consecutive sentence imposed by the district court was procedural error and a violation of his due-process right to be sentenced based on complete information. Since he made neither of these objections below when afforded the opportunity to do so, his claims are subject to plain error review on appeal. *United States v. Vonner*, 516 F.3d 382, 386 (6th Cir. 2008) (en banc). Plain error exists only where a defendant demonstrates "(1) error (2) that was obvious or clear, (3) that affected [his] substantial rights and (4) that affected the fairness, integrity, or public reputation of the judicial proceedings." *Ibid*. (citation omitted).

III

The district court did not plainly err in ordering Franklin's federal sentence to run consecutively to his state sentence. A district court has discretion to make a federal sentence consecutive to an undischarged state sentence, so long as the court appropriately considered the factors set forth in 18 U.S.C. § 3553(a). Under 18 U.S.C. § 3584(a), if "a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively . . . ."

---

[3] Franklin's Michigan Department of Corrections information page is located at https://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=794792

Further, "[j]udges have long been understood to have discretion to select whether the sentences they impose will run concurrently or consecutively with respect to other sentences . . . that have been imposed in other proceedings, including state proceedings." *Setser v. United States*, 566 U.S. 231, 236 (2012). And a district court has the authority to make a sentence consecutive to an anticipated but not-yet-imposed state sentence. *Id.* at 244 – 45. The Sentencing Guidelines' policy statement on revocation of probation or supervised release recommends that "[a]ny term of imprisonment imposed upon the revocation of . . . supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation or supervised release." U.S.S.G. § 7B1.3(f).

Here, the court held that a consecutive sentence "made sense" for three reasons. First, the court knew that Franklin would be eligible for parole. The court, while acknowledging that it did not know *when* Franklin would become eligible, was concerned that Franklin *would be* eligible for parole. Franklin's mere eligibility for – not the timing of – parole informed the court's sentencing decision. Second, the court emphasized the "very seriousness of the behavior": "It, frankly, is unusual, at least in my experience here, for there to be such serious subsequent criminal activity after supervised release has started. Sometimes it happens, but not very often. But I think that's a very important consideration." Third, the court was concerned that it could only impose the maximum of 24 months of the 24–30-month range sentencing recommendation.

Of note, the district court ordered the consecutive sentence after being informed by Franklin's counsel that he would be required to serve a minimum of a total of 274 months in prison and that he would not be eligible for parole until 2046. Further, Franklin does not argue that he

was sentenced based on a materially untrue fact. *See United States v. Adams*, 873 F.3d 512, 517–18 (6th Cir. 2017) ("relevant inquiry" in determining procedural unreasonableness or due-process violation is whether court relied on "materially false or unreliable" facts). Finally, Franklin's resentencing in state court does not make the federal sentence unreasonable or a violation of due process, especially as the state resentencing resulted in lowering the total minimum for armed robbery and the associated counts from 274 months to 204 months. Franklin failed to make any argument that the state resentencing should be a factor in this appeal and there is no legal reason why it should.

**AFFIRMED**